CHARLOTTE A. ABBOTT AND ABIJAH ABBOTT, PLAINT-
IFFS IN ERROR, v. THE DELAWARE, LACKAWANNA
AND WESTERN RAILROAD COMPANY, DEFENDANT
IN ERROR.

Submitted July 9, 1900—Decided November 19, 1900.

On error to the Supreme Court.

For the plaintiffs in error, *Leon Abbett.*

For the defendant in error, *Chauncey G. Parker.*

PER CURIAM.

There are no controverted legal questions presented by
this case. A brief memorandum will sufficiently acquaint
counsel with the grounds of our conclusion.

We think that the trial judge in nonsuiting the plaintiffs
below committed no error.

There was not, and cannot be, any claim that the evidence
showed any negligence or breach of duty on the part of the
defendant in the running of the train, the engine of which
struck and injured Mrs. Abbott.

The sole contention is that there was evidence from which
a jury might find that the defendant had not performed a
duty which it owed to her in providing a safe mode of egress
from its station, after she had alighted from its train, upon
which she had been carried as passenger. An examination
of the evidence clearly shows that no such breach of duty
was established. By the platform provided by the defend-
ant, Mrs. Abbott could have proceeded in safety to Roseville
avenue, a public street crossing the tracks of the defendant,
by which street she intended to go to her place of residence.
Had she availed herself of the mode of egress thus provided,
she would have reached the public street in safety, and would
then have found the gates provided by the defendant to be
shut when trains were approaching, were in fact shut, and

indicated that there was danger in crossing. Instead of doing so, she went upon the platform adjoining the main line of defendant's railroad, at a point distant from the crossing at Roseville avenue. According to the evidence of some of her witnesses, she attempted to cross the tracks of the main line at that point and was struck by the engine of a train running upon the track nearest to her. By her own evidence, she was not attempting to cross the tracks, but had taken a position so near the tracks that the engine struck her. She testified that she stood there for some time, watching another engine standing upon the other track, to see when it would be safe to cross. Under these circumstances, it is obvious that the defendant owed her no duty which it had not performed. It had provided a safe mode of egress from its station. There was nothing to indicate that it had permitted or invited her to cross at the point at which she had stationed herself.

The judgment upon the nonsuit must be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, VAN SYCKEL, DIXON, GARRISON, COLLINS, GARRETSON, BOGERT, HENDRICKSON, ADAMS, VREDENBURGH, VOORHEES. 12.

*For reversal*—None.